IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY SAIZ,

       Petitioner,

v.                                             Civil No. 05-645 WJ/RHS

ROBERT ULIBARRI, Warden,
Southern NM Correctional Facility, et al.,

       Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before this Court on Respondents' Motion to Dismiss, filed July 5, 2005 **[Doc. 11]**.  On July 1, 2002, following a jury trial, Petitioner Jimmy Saiz was convicted of the offenses of Trafficking a Controlled Substance (second degree felony) and Conspiracy to Commit Trafficking a Controlled Substance (third degree felony).  (See Judgment, Order and Commitment to the Corrections Department at 1, Ex. A to Respondents' Answer **[Doc. 13]**.[1])  In response to a Supplemental Criminal Information, Mr. Saiz admitted that he is an habitual criminal offender with three prior felony convictions.  (See id. at 2.)

    2.  On appeal, the Court of Appeals of the State of New Mexico reversed Mr. Saiz's sentence and remanded the case to the state district court "to vacate the sentence and resentence Defendant in accordance with [the New Mexico habitual offender statute] Section 31-18-17 as amended in 2002."  (Memorandum Opinion at 4, Ex. K.)  Following a re-sentencing hearing, the Third Judicial District of the County of Dona Ana found that Mr. Saiz was an habitual criminal

---

[1]All exhibits cited in this document are attached to Respondents' Answer **[Doc. 13]**.

offender with two prior felony convictions, and sentenced him to serve a "total term of thirteen (13) years in the custody of the New Mexico Corrections Department to be followed by two (2) years on parole." (See Judgment, Order and Commitment to the Corrections Department, filed February 2, 2005 at 1-2, Ex. O.)

    3. Petitioner, proceeding *pro se*, states the following as grounds for his federal petition:

(1) Petitioner was denied effective assistance of counsel, in that counsel failed to do the following: file a notice of appeal; properly prepare for trial; cross-examine witnesses; present exculpatory witnesses; and allow Petitioner to testify on his own behalf.

(2) Petitioner was denied direct appeal of right.

    4. Respondents contend that Petitioner has not exhausted Ground 1, because he is "raising for the first time the issue of ineffective assistance of counsel." (Motion at 2.) Respondents request that the Petition be dismissed without prejudice so that Petitioner may exhaust his claims in state court, or in the alternative, that the Petition be dismissed with prejudice if the Court finds the claims to be without merit. Petitioner has not responded to the motion to dismiss.

    5. Petitioners generally must exhaust available state court remedies before seeking redress in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1); Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981). The exhaustion doctrine is rooted in considerations of federal-state comity and seeks to allow states the opportunity to correct constitutional errors prior to federal intervention. Picard v. Connor, 404 U.S. 270, 275-76 (1971). A federal claim generally will not be deemed exhausted unless the "substance" of the claim has been "fairly presented" to the state courts. Picard v. Connor, 404 U.S. 270, 275, 277-78 (1971). The exhaustion

requirement is met when the state's highest court has had an opportunity to reach the merits of petitioner's habeas claims. Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992). "A state prisoner bears the burden of showing he has exhausted available state remedies." Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).

6. Petitioner does not deny that he has not exhausted Ground 1. Although Mr. Saiz raised his claim of ineffective assistance of counsel in a "Petition for Writ of Habeas Corpus," filed in state district court (see Ex. C), that petition was denied without prejudice "to allow the defendant to pursue his direct appeal" (Order Denying Petition for Writ of *Habeas Corpus* without Prejudice, Ex. D). Mr. Saiz neither appealed the district court's denial, nor raised the ineffective assistance claim in his direct appeal in state court. Thus, Petitioner did not exhaust his ineffective assistance claim in state court. Because one or more of Petitioner's claims are not exhausted, his federal petition is subject to dismissal as a mixed petition. Rose v. Lundy, 455 U.S. 509 (1982).

7. The Court must next consider whether Petitioner's unexhausted claims are procedurally barred. As Respondents correctly point out, Petitioner's claim of ineffective assistance is not procedurally defaulted. Claims of ineffective assistance of counsel may be brought in state habeas proceedings without having to be directly appealed because collateral review is the preferred method of review for such claims. See Duncan v. Kerby, 851 P.2d 466, 469 (N.M. 1993) (explaining that "habeas corpus is specifically designed to address such postconviction constitutional claims [as ineffective assistance of counsel] and is the procedure of choice in this situation"); see also Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994).

8. In sum, Petitioner has not afforded the New Mexico courts the opportunity to address

the merits of his allegations of ineffective assistance of counsel.  Accordingly, Mr. Saiz's federal petition should be dismissed without prejudice based on lack of exhaustion.

## Recommendation

I recommend that Respondents' Motion to Dismiss **[Doc. 11]** be **granted**, that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody **[Doc. 1]** be **denied**, and that this civil proceeding be **dismissed** without prejudice.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE